UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIAM BARRY,

Plaintiff,

-against-

THE CITY OF NEW YORK and NEW YORK CITY HEALTH AND HOSPITALS,

Defendants.

Case No. 1:26-cv-04615 (JMF) (JW)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

**WHEREAS,** Plaintiff Mariam Barry and Defendants The City of New York and New York City Health and Hospitals are presently engaged in discovery; and

**WHEREAS,** some information sought by the Plaintiff and/or Defendants (collectively, the "Parties") or contained in documents sought by the Parties is of a confidential and/or proprietary nature; and

**WHEREAS**, the purpose of this Confidentiality Stipulation and Protective Order ("Stipulation") is to permit the Parties to discover such information and documents pursuant to procedures designed to protect and preserve the confidentiality of that material and inadvertent disclosure of privileged documents;

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AS FOLLOWS:**

1. "Confidential Information" as used herein means any type or classification of non-public information that is designated as "confidential" in good faith by counsel for the Parties, whether it be a document, information contained in a document, electronically-memorialized information, information revealed during a deposition, information contained in an interrogatory

answer, or any other form of information produced, given or exchanged by and among the Parties and non-parties to this litigation. Confidential Information shall accordingly exclude (1) information which at or prior to its disclosure in this action is or was publicly accessible or in the public domain or which, after disclosure, becomes public without action on the producing party's part; and (2) information that was rightfully possessed by the party receiving it, and not otherwise subject to restrictions on its disclosure, prior to its production in the proceedings of this action. The Parties and their respective counsel shall designate as "confidential" only information that the designating party produces in discovery and that the Parties reasonably believe in good faith to be (a) personal information concerning individuals who are not parties to this action, including, but not limited to, salary, personnel records, performance reviews, social security numbers, addresses and telephone numbers; (b) Defendants' non-public plans, policies or procedures; (c) information concerning Defendants' customers, vendors, or other business associates; (d) non-public financial, commercial, or other proprietary information concerning Defendants or their affiliated and/or related entities, including, but not limited to, their respective products; (e) any other personal, personnel, medical, commercial, intellectual property, financial or business information or data that the Parties in good faith believe should be afforded confidential treatment, it being understood that the designation as such is subject to review by the Court and substantiation by the designating party.

2. (a) Documents and other discovery materials may be designated as "confidential" as follows: (i) by affixing a legend so indicating to every page (or the first page) of the document at the time of production; (ii) by written statement of counsel for the producing party at the time of, or prior to, production that the document or material is to be treated as confidential; (iii) by agreement in writing between the producing and receiving parties at any time; or (iv) with

respect to oral testimony, by advising the court reporter and all parties of such fact on the record during the deposition, or, in connection with the submission of an errata sheet upon review of the transcript in accordance with applicable procedural rules. Consistent with paragraph 8 of this Stipulation, should the producing party discover that it has produced Confidential Information without complying with the foregoing, counsel for the producing party may notify counsel for the receiving party that such information produced should be designated "confidential," and the receiving party shall thereafter treat such information as confidential.

(b) Information designated as "confidential" shall (i) be used by the Parties only for the purpose of this action and not for any other purposes whatsoever, and (ii) not be disclosed, given, shown, discussed or otherwise communicated or made available to anyone except as provided herein. The parties agree that any violation of this paragraph 2(b) shall entitle the other party to seek immediate relief, including injunctive relief and sanctions.

3. In accordance with the provisions of paragraph 4 below, Confidential Information may be disclosed to "Qualified Persons," who shall read this Stipulation and who shall agree to maintain said information in confidence and not disclose, discuss or reveal such information to anyone else. The term "Qualified Persons" means (a) any attorney, legal assistant, secretary or clerk employed by, or a member of, Plaintiff's counsel assigned to this litigation; (b) any attorney, legal assistant, secretary or clerk employed by, or a member of, Defendants' counsel assigned to this litigation; (c) any expert or consultant (or potential expert or consultant) employed, consulted or retained by the Parties or their respective counsel solely for the purpose of assisting such counsel in the preparation of this matter for litigation; (d) any person testifying in depositions; (e) the Parties (and any corporate successor or affiliate) to this litigation; (f) any court that exercises jurisdiction in this action and any attorney, legal assistant, secretary, clerk, deputy or intern

employed by the court; (g) any court reporter, stenographer or person operating video equipment assigned to recording testimony in this litigation; and (h) any witness (or potential witness) in preparation for being called in good faith to testify at the trial or in a deposition in this action. The foregoing definition of "Qualified Persons" is without prejudice to a redefinition of such term agreed upon by the Parties at an appropriate future time so as to include additional categories of persons, provided such redefinition is agreed to in writing by the Parties or ordered by the Court.

4. Any information, whether oral or written, designated "confidential" may be disclosed only to Qualified Persons who, prior to such disclosure, have read this Stipulation and signed their names to a copy of Exhibit "A" attached hereto, except that (a) counsel for the Parties may sign this Stipulation on behalf of the party(s) they represent and those Qualified Persons who are members of, or employed by, their respective firms; (b) Confidential Information may be disclosed to those Qualified Persons described in paragraph 3(g) upon their agreement on the record to maintain the confidentiality of the material; and (c) Confidential Information may be disclosed to those Qualified Persons described in paragraph 3(e) immediately upon the Court's formal endorsement of this Stipulation without further action on their part. By signing this Stipulation or Exhibit "A", each Qualified Person agrees that he or she, along with those on whose behalf he or she is acting, shall be bound by the terms of this Stipulation. All endorsed copies of Exhibit "A" shall be retained by the party's counsel that requested such Qualified Person's endorsement. Each endorsed copy of Exhibit "A" shall be made available for inspection if any good faith dispute or controversy arises concerning the respective person's obligations under this Stipulation. Should either party desire to disclose Confidential Information to any non-party witness who has declined to execute Exhibit "A" in connection with a deposition or at the trial, the party seeking to make such disclosure shall obtain the consent from the other party to this

Stipulation or, if such consent is withheld, shall apply to the Court for permission to make such disclosure.

5. Each Qualified Person shall maintain all Confidential Information disclosed to him/her in confidence, shall not reveal the same to anyone other than another Qualified Person, and shall not use the Confidential Information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or at trial; except that nothing shall prevent disclosure beyond the terms of this Stipulation prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure received approval of the Court.

6. If the party receiving information that has been marked "confidential" wishes to file any Confidential Information with the Court, the receiving party shall give at least two weeks' notice to the producing party (to the fullest extent possible), who shall seek to obtain the Court's permission to have the Confidential Information filed under seal. To avoid the unnecessary filing of documents under seal, counsel for the Parties may request an agreement on the filing of such documents, and such agreement will not be unreasonably withheld.

7. In the event that a party objects to the designation of certain information as "confidential", counsel for the parties shall attempt to resolve such dispute in good faith on an informal basis. If no resolution is reached, then the producing party may ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Stipulation. An objection to the designation of discovery material as "confidential" may be made at any time. Acceptance by any party of

discovery material designated as "confidential" shall not constitute a concession that any such discovery material is appropriately so designated.

8. The disclosure by one of the Parties of a document or information to a Qualified Person without designating it as "confidential" shall not constitute a waiver of that party's right to designate such document or information as Confidential Information and, if so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms herein.

9. Nothing in this Stipulation shall preclude any party from seeking to modify this Stipulation.

10. At the conclusion of this litigation, Plaintiff and her counsel shall destroy all originals and copies of Confidential Information in their possession, control or custody and counsel for Plaintiff shall provide an Affidavit of Destruction to that effect within ten business days of the termination of this matter. To the extent that confidential material is contained in attorney-client privileged or attorney work-product documents, such material should be maintained by counsel in a confidential manner. Counsel for each party may also maintain in a confidential manner one copy of correspondence, Court filings, deposition transcripts, and exhibits containing confidential material.

11. This Stipulation shall be binding on all of the Qualified Persons listed in paragraphs 3(a), (b) and (e) immediately upon its execution by the Parties' respective counsel, and on those listed in paragraph 3(c), (d) and (h) immediately upon their execution of Exhibit "A", whether or not it is later endorsed by the Court. Following the Court's endorsement, it shall be binding on all other Qualified Persons and be enforceable as to all Qualified Persons through any sanction(s)

deemed appropriate by the Court. With respect to Qualified Persons listed in paragraphs 3(c), (d) and (h), the United States District Court for the Southern District of New York shall have jurisdiction with respect to any controversy arising out of an alleged violation of this Stipulation.

12. This Stipulation may be executed in counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Stipulation shall be acceptable in any action against that party to enforce this Stipulation.

13. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this litigation.

14. Producing or receiving discovery materials designated as "confidential" or otherwise complying with the terms of this Stipulation, shall not: (a) affect or restrict the rights of any party with respect to its or his own documents; (b) prejudice in any way the rights of any party to object to the production of documents it or he considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be "confidential"; (c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Stipulation; (d) prejudice in any way the rights of any party to seek a determination by the Court whether any information, documents or material, designated as "confidential" should be so designated and subject to the terms of this Stipulation; (e) prejudice in any way the rights of any party to petition the Court for a protective order relating to any material designated as "confidential"; or (f) prevent any party from agreeing to alter or

waive the provisions or protections provided for herein with respect to any materials designated as "confidential".

***[Remained of page intentionally left blank]***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

MARIAM BARRY,

Plaintiff,

- against -

THE CITY OF NEW YORK AND NEW YORK CITY HEALTH AND HOSPITALS,

Defendant.

------------------------------------------------------------------- X

**STIPULATED RULE 502(d) ORDER**

Docket No.

26-CV-04615(JMF)(JW)

**Stipulated Order Implementing Federal Rule of Evidence 502(d)**

***No Waiver by Disclosure.***

1. If, in connection with this litigation, a producing party discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other applicable privilege or protection, whether inadvertently or otherwise ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection with respect to the Protected Information and its subject matter. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

***Notification Requirements***

2. If a party discovers that it disclosed Protected Information, the producing party must notify the party receiving the Protected Information ("Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver by the disclosure and demand its return or destruction. The producing party must identify the Protected Information subject to this demand by bates number or, if unavailable, sufficient information to identify the Protected Information, and provide the basis for the claim of privilege or protection.

***Best Efforts of Receiving Party***

3. Upon such notification, the Receiving Party must (a) immediately stop dissemination and use of the Protected Information, (b) promptly notify the producing party that it will make best efforts to identify and locate the Protected Information and any disseminated copies, (c) destroy, delete, or return all copies of the Protected Information and any materials derived from it that were prepared by the Receiving Party or its consultants, experts, or agents, and (d) within 5 (five) business days, provide a certification that it has complied with these requirements and inform the producing party whether all copies of the Protected Information and materials derived from it were located, destroyed, deleted, or returned. Thereafter, the producing party must provide a privilege log with respect to the Protected Information within 30 days.

***Contesting Claims of Privilege or Protection***

4. Within thirty (30) days of receiving the notification described in paragraph 2, the receiving party may move the Court for an Order compelling production of the disclosed Protected Information. The motion must be filed with Court approval under seal and cannot assert the fact or circumstance of the disclosure as a ground for determining that the material does not constitute Protected Information. Pending resolution of the motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than as required by law to be served with a copy of the sealed motion.

5. The Receiving Party shall not use the adequacy or sufficiency of the producing party’s document review process as a basis for disputing a clawback demand made pursuant to paragraph 2.

***Burden of Proving Privilege or Protection, In Camera Review***

6. The disclosing party retains the burden of establishing the privileged or protected nature of any Protected Information. Nothing in this Order limits the right of any party to request an in-camera review of the Protected Information.

***Voluntary and Subject Matter Waiver***

7. Nothing in this Order limits the application or modifies the provisions of Federal Rule of Evidence 502(a). Any intentional disclosure or reliance on Protected Information to support a claim or defense is governed by Rule 502(a).

***Rule 502(b)(2)***

8. Rule 502(b) does not apply. The failure to take reasonable steps to prevent the disclosure shall not give rise to a waiver of the privilege or protection.

***Other Clawback and Confidentiality Obligations***

9. This Order does not affect or rescind any Clawback Agreement or Order governing protection of confidential information to which the parties have otherwise agreed.

***Severability***

10. The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

***Jurisdiction***

11. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

[Signature page to follow]

LIPSKY LOWE LLP

By: ______________________
Douglas B. Lipsky, Esq.
420 Lexington Avenue, Suite 1830
New York, New York 10170
(212) 392-4772
doug@lipskylowe.com

*Attorneys for Plaintiff*

Dated: October 8, 2026

STEVEN BANKS
Corporation Counsel of the
City of New York

By: /s/ Eric Vetterlein
Eric Vetterlein, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
(212) 356-5044
evetterl@law.nyc.gov

*Attorneys for Defendants*

Dated: 10/8/26

**So Ordered:**

______________________
Jesse M. Furman
United States District Judge

October 13, 2026

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).